IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CLIVELLA D. SAMUELS              :
                                 :
    v.                           :   Civil Action No. DKC 10-2480
                                 :
TWO FARMS, INC.                  :
                                 :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case is Plaintiff's motion to remand. (Paper 10). The court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiff's motion will be denied.

**I. Background**

On May 20, 2010, Plaintiff Clivella D. Samuels filed suit against Defendant Two Farms, Inc. in the Circuit Court for Prince George's County. Plaintiff's complaint alleges employment discrimination under Title VII and certain associated state-law torts. (Paper 2 ¶¶ 28-52). Plaintiff seeks damages of $1,000,000. (*Id.* at 15).

On May 24, Plaintiff attempted to serve the summons and complaint on Defendant by sending a copy of those documents via certified mail with return receipt to Defendant's registered agent, Alan Abramowitz. (Paper 10-1, Donnelly Aff., ¶ 1). Plaintiff did not check the box on the certified mail card

requesting "restricted delivery." (Paper 13, at 5). Four days later, on May 28, Abramowitz's secretary signed for the letter containing the complaint and summons. (Paper 12, Abramowitz Aff., ¶ 3).

For more than 100 days, the case sat quietly in state court; Defendant did not file an answer and Plaintiff did not move for an order of default.[1] Then, on September 9, 2010, Defendant filed an answer to Plaintiff's complaint in state court and removed the case to this court. (Paper 1). In response to this Court's standing order on removal, Defendant indicated that Plaintiff had not properly served it via certified mail *with restricted delivery*. (Paper 9). Plaintiff moved to remand on September 24, 2010. (Paper 10).

**II. Analysis**

Title 28 U.S.C. § 1446(b) provides defendants with a clear deadline for filing notices of removal:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if

---

[1] Plaintiff could have moved for an order of default after 30 days. *See* Md. Rule 2-613(b) (plaintiff may move for default after the time for pleading has expired); Md. Rule 2-321(a) (parties generally have 30 days to file an answer).

2

> such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Plaintiff contends that Defendant failed to comply with this deadline because it filed its notice of removal more than 100 days later. (Paper 10, at 7-8). Defendant responds that the 30-day clock found in Section 1446(b) did not start running until it filed its answer in state court, as it was never properly served. (Paper 11, at 2-7). Thus, the critical question is whether the May 24 service was sufficient, rendering Defendant's removal untimely.

State law determines whether service while the case was before a state court was proper. *See, e.g.*, *Wolfe v. Green*, 660 F.Supp.2d 738, 745 (D.W.Va. 2009). The Maryland Rules allow for the service of process via certified mail "requesting Restricted Delivery." *See* Md. Rule 2-121(a)(3). Plaintiff in this case does not argue that she requested restricted delivery, and the "green card" Plaintiff used to mail the letter reflects that she did not. (Paper 13, at 5). Instead, she argues "[t]he Rule does not actually *require* service of process by restricted delivery,"[2] and notes that, from all appearances, the registered

---

[2] This argument may be easily dispensed with. The Rule clearly requires service to be made "by certified mail requesting: 'Restricted Delivery--show to whom, date, address of delivery.'" Md. Rules 2-121(a)(3). Plaintiff did not request that form of delivery, so service was deficient. Moreover, one

3

agent actually received the complaint and summons. (Paper 10, at 4-5).

It might be tempting to excuse the minor deficiency in Plaintiff's attempted service, particularly because Defendant apparently received actual notice. *Cf. Colleton Prep. Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 421 n.9 (4th Cir. 2010) (finding, under South Carolina law, that service was sufficient where the defendant "did in fact receive the suitpapers, notwithstanding [plaintiff's] failure to employ *restricted delivery* certified mail"). But, unlike South Carolina law, there is nothing in Maryland law that suggests that the rules of service may be liberally construed. Indeed, Maryland courts seem to take a strict, narrow approach to service; they treat "defective service of process [as] a jurisdictional defect and actual knowledge of the proceedings on the part of the defendant will not cure that defect." *Lohman v. Lohman*, 331 Md. 113, 130 (1993) (citations omitted); *see also, e.g.*, *Brown v. Am. Institutes for Research*, 487 F.Supp.2d 613, 617 (D.Md. 2007) ("Plaintiff's repeated attempts at service by certified mail were invalid for failure to comply with the restricted delivery requirements of Maryland Rule 2-

---

might view the Plaintiff's failure to move for an order of default as an implicit acknowledgment that service was indeed deficient.

4

121(a)(3)."). Many courts apply the same methodology. *See, e.g.*, 3A Norman J. Singer & J.D. Shambie Singer, *Sutherland Statutory Construction* § 67:4 (6th ed. 2010) ("Statutes providing for service of process have been customarily given strict construction in order to guard against the risk that innocent persons forfeit their rights without a fair hearing in the mistaken belief that they had not been brought into the court's jurisdiction."). The Supreme Court has also cautioned that the 30-day period for removal is not triggered if the defendant receives a complaint unattended by "formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). In sum, all applicable authorities suggest that Defendant's mere receipt of the defectively served complaint and summons normally would not trigger the 30-day period for removal.

Here, however, Defendant complicated the matter by filing an answer in state court. Plaintiff notes that, under Maryland law, a failure to raise the insufficiency of service of process on a motion to dismiss waives the defense. (Paper 10, at 7). Plaintiff reasons that Defendant consequently waived its right to challenge the sufficiency of process by filing an answer in state court. (*Id.*).

It is true that the filing of an answer prevents a defendant from challenging a complaint based on insufficient

5

service.  *See Chapman v. Kamara*, 356 Md. 426, 438 (1999) ("[W]hen an attorney enters an authorized appearance on behalf of a party, this act has the effect of waiving any defects of service upon the defendant.  Once a party files an answer without raising the defense of insufficient service of process, that defense ordinarily is waived.").  Even so, there is no apparent authority for the notion that waiver retroactively cures the prior, deficient service for the purposes of Section 1446(b).  Indeed, that idea appears contrary to the Supreme Court's reasoning in *Murphy Brothers*.  In determining what triggers the 30-day period in 1446(b), the Court focused heavily on the notion that the time when a defendant receives the summons is the first moment when the court can exercise jurisdiction over that party.  *Murphy Bros.*, 526 U.S. at 350.  Absent that jurisdictional hook, the court was unwilling to start the 30-day clock.  *Id.* at 350-53.  In the situation where a defendant waives sufficiency of service, his first appearance or filing is the first moment where he submits to the jurisdiction of the court.  *See Flanagan v. Dep't of Human Resources*, 412 Md. 616, 624 (2010) ("[T]he court has no jurisdiction over [a defendant] until such service is properly accomplished, or is waived by a voluntary appearance by the defendant.").  It would seem to run counter to *Murphy Brothers* to allow the time for removal to start running *before* the

jurisdictional flashpoint of that first submission.[3]  *Accord DiLoreto v. Costigan*, 351 F.App'x 747, 750 (3d Cir. 2009) (construing *Murphy Brothers* to hold that "the removal period for a defendant does not begin to run until that defendant is properly served or until that defendant waives service"); *Borchers v. Standard Fire Ins. Co.*, No. C-10-1706, 2010 WL 2608291, at *2 (N.D.Cal. June 25, 2010) (same); *Granovsky v. Pfizer, Inc.*, 631 F.Supp.2d 554, 559 (D.N.J. 2009) (same); *Brown v. Bristol-Myers Squibb Co.*, No. A 402CV301LN, 2002 WL 34213425, at *4 (S.D.Miss. Nov. 2, 2002) (same, listing cases).  Plaintiff misconstrues the waiver doctrine when he suggests that it not only forecloses a defendant from challenging the court's jurisdiction on the basis of faulty service, but that it also bars a defendant from questioning *when* jurisdiction attached.  Jurisdiction attached here on September 9, 2010.  Because Defendant filed its notice of removal the same day, that notice was timely.

---

[3] Plaintiff's view would also be contrary to the approach found in the Federal Rules of Civil Procedure.  Under those rules, when a defendant voluntarily waives service under Rule 4(d), the "rules apply as if a summons and complaint had been served *at the time of filing the waiver*."  Fed.R.Civ.P. 4(d)(4) (emphasis added).

**III. Conclusion**

For the foregoing reasons, Plaintiff's motion will be denied. A separate order will follow.

<pre>
                              /s/
        DEBORAH K. CHASANOW
        United States District Judge
</pre>